**P & O CONTAINERS, LTD., Appellee,**

v.

**JAMELCO, INC., Appellant.**

[Cite as *P & O Containers, Ltd. v. Jamelco, Inc.* (1994), 94 Ohio App.3d 726.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–651.

Decided May 3, 1994.

728

*Ray, Robinson, Carle, Davies & Snyder, Sandra M. Kelly* and *Richard F. Schultz,* for appellee.

*Abe Bahgat,* for appellant.

HARSHA, Judge.

Defendant-appellant, Jamelco, Inc., appeals from a decision of the Franklin County Municipal Court granting summary judgment in favor of plaintiff-appellee, P & O Containers, and awarding appellee $3,295 plus interest and costs.

A bill of lading, dated July 2, 1990, reveals that appellant employed appellee to ship cargo to Kuwait. The total freight charge amounted to $3,295. However, due to Iraq's invasion of Kuwait, the ship did not deliver the cargo to Kuwait. Appellee notified appellant of the impossibility of delivery of the cargo to Kuwait. The parties then agreed that appellee would return the cargo from the port where it was then located, Rotterdam, to Norfolk for freight charges of $1,622.

Appellant's president, Wael A.R. Amer, wrote a check payable to appellee for $1,622. The check number was 2283, and on the memo line Amer wrote "Container shipping # OCLUO63633–6."

Appellee brought the present action to collect the freight charges of $3,295 on the first bill of lading. Appellant denied that it owed this money to appellee, asserting that the agreement for appellee to redeliver the cargo from Rotterdam to the United States superseded and nullified the first agreement. Appellant also contended that because appellee had not delivered the cargo to Kuwait that it had not performed under the first contract (the first bill of lading) and was not entitled to collect pursuant to the first contract.

Appellee's bill of lading is a double-sided, single-page document. The information on the individual shipping arrangement is filled in on the front side. Terms and conditions applicable to every shipping arrangement are set forth on the back side. Pertinent to the present issue are clauses thirteen and eighteen. Clause

thirteen provides in part: "Freight shall be deemed fully earned on receipt of the Goods by the Carrier and shall be paid and nonreturnable in any event." Clause eighteen addresses matters affecting performance and provides: "If at any time the Carriage is or is likely to be affected by any hindrance, risk, delay, difficulty, or disadvantage of any kind (other than the inability of the Goods safely or properly to be carried or carried further) * * *, the carrier * * * may, without prior notice to the Merchant and at the sole discretion of the carrier * * * [a]bandon the Carriage of the Goods and place them at the Merchant's disposal at any place or port which the carrier may deem safe and convenient, whereupon the responsibility of the carrier in respect of such Goods shall cease. The Carrier shall nevertheless be entitled to full Freight on the Goods received for Carriage, and, the Merchant shall pay any additional costs of the Carriage to, and delivery and storage at such place or port."

The trial court found that the guaranteed freight clause applied to the situation and was enforceable even though the cargo had not been delivered to Kuwait. Because the trial court found no dispute as to any material fact, and found that the law supported appellee's position, the trial court granted appellee's summary judgment motion and awarded it $3,295, costs, and fees.

On appeal, appellant asserts the following four assignments of error:

"1. The trial court erred in granting plaintiff's motion for summary judgment when, under the evidence, if construed most strongly in favor of the defendant, reasonable minds cannot come to a conclusion which is adverse to the defendant.

"2. The trial court erred and abused its discretion when it granted a motion for summary judgment under facts and circumstances that the defendant's right to trial was denied despite the existence of conflicting facts and inferences.

"3. The trial court erred and abused its discretion when it prematurely ruled on the motion for summary judgment prior to the date set by the court for deadline of submitting pleadings.

"4. The trial court erred in failing to recognize the existence of disputed material fact when it said: 'There is no dispute as to any material fact and plaintiff is entitled to judgment as a matter of law.' "

Appellant's third assignment of error asserts that the trial court erred when it ruled on the summary judgment motion before the date which the court had established as the deadline for submitting pleadings.

The assignment office of the municipal court had stated that the deadline for filing memoranda or affidavits in response to the summary judgment motion was April 9, 1993. Appellant filed a "reply" to the summary judgment motion on March 25, 1993. Appellant then filed a "memorandum contra" to the summary judgment motion on April 7, 1993. The municipal court's judgment entry is

dated April 7, 1993 and file stamped April 8, 1993. In its judgment entry, the court noted that appellant had filed a "reply" to the motion and that appellee had filed a response to appellant's "reply." The court did not refer to appellant's April 7, 1993 "memorandum contra."

■ Normal practice is that movant supplies a memorandum or brief in support of the motion for summary judgment. The nonmoving party then provides a memorandum or brief in opposition to the motion. See Civ.R. 56 and Civ.R. 7(B). While the Civil Rules do not specifically provide for it, common practice allows the movant to reply to the memorandum in opposition. There is no provision, either in the Civil Rules or in common practice, that allows the nonmoving party to file a response to the movant's reply. However, given the fact that the trial court had stated that the deadline for filing memoranda or affidavits in response to the motion was April 9, 1993, the better course of action would have been to wait until after that date to decide the motion. See *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 604 N.E.2d 138.

■ However, we see no prejudicial error in this case since appellant's April 7, 1993 "memorandum contra" was merely argumentative and did not contain *any* Civ.R. 56(C) evidence. All the Civ.R. 56(C) evidence that appellant wanted the court to consider was attached to its March 25, 1993 "reply." Accordingly, the trial court did consider all the "appropriate materials," as required by *Murphy* at syllabus. See, by analogy, *Wise v. Ohio Dept. of Rehab. & Corr.* (1992), 84 Ohio App.3d 11, 15, 616 N.E.2d 251, 253–254. However, in the interest of justice and in keeping with our duty to independently review the motion for summary judgment, we will initially consider the arguments presented in appellant's "memorandum contra."

■ In its memorandum contra, appellant disputed appellee's argument that the parol evidence rule applied to the memo line of check No. 2283. Appellant correctly argued that the parol evidence rule does not apply to the memo line since the check was written subsequent to both the first and second bills of lading. We will discuss the probative value of the memo notation when we address the other three assignments of error.

■■ Appellant also argued in its memorandum contra that the invasion of Kuwait had not relieved appellee of its duty to deliver the cargo to Kuwait and that this fact supported appellant's claim that the second bill of lading replaced the first bill of lading. Clause eighteen of the bill of lading authorized the carrier to abandon the carriage of goods in the event that a hindrance, risk, delay difficulty, or disadvantage of any kind affected the carriage of the goods. The interpretation of a written contract is a question of law, absent patent ambiguity. *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374

N.E.2d 146. Courts have enforced bills of lading with provisions similar to clauses thirteen and eighteen in the present case. See *United States v. Waterman Steamship Corp.* (D.C.D.C.1979), 471 F.Supp. 87; *Mare Schiffahrtskontor & Co. v. M/V Oceanhaven* (C.A.4, 1985), 763 F.2d 633; *Amoco Transport Co. v. S/S Mason Lykes* (C.A.5, 1985), 768 F.2d 659. Some courts have not permitted a carrier to collect under a freight-earned clause unless the decision to abandon the voyage was found to have been based upon the exercise of reasoned judgment. *Mare; Amoco, supra.* We find, as a matter of law, that the invasion of Kuwait constituted a sufficient hindrance, risk, delay, or disadvantage to justify appellee's decision to abandon the voyage to Kuwait.

In its memorandum contra, appellant also asserts that it was clearly stated that the first contract to ship the cargo to Kuwait was replaced by the second contract to return the cargo to the United States. There is no evidence in the record to substantiate this claim. Appellant additionally contends that the $1,622 payment was for full and final satisfaction of all obligations of the parties. There is no evidence in the record to this effect.

Having reviewed the arguments in the memorandum contra, we find that no prejudicial error occurred. Furthermore, appellant has not contended, nor does the record indicate, that the premature judgment entry prompted appellant to refrain from filing any additional memoranda or affidavits it had planned to file by April 9, 1993. Accordingly, we overrule appellant's third assignment of error.

Assignments of errors one, two, and four are related and will be addressed together. The issue to resolve is whether there were genuine issues of material fact which precluded granting summary judgment as a matter of law.

When reviewing a summary judgment motion, an appellate court applies the same standard as that applied by the trial court, *i.e.*, it reviews the judgment independently. *Midwest Specialties, Inc. v. Firestone Tire & Rubber Co.* (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411, 413. Summary judgment is appropriate when the following have been established: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in its favor. Civ.R. 56(C); *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 884. The party moving for summary judgment bears the burden of showing that no genuine issue exists as to any material fact. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801. A summary judgment motion forces the nonmoving party to produce evidence on any issue for which it bears the burden of production at trial and for which the moving party has met its initial burden. See *Stewart v. B.F. Goodrich Co.* (1993), 89

Ohio App.3d 35, 623 N.E.2d 591, and *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.

■ Appellant asserts that a genuine issue of material fact exists concerning whether the second bill of lading was intended to discharge the duties of the parties under the first bill of lading. Appellant argues that Amer's affidavit and the check written to appellee for the redelivery of the cargo prove that the second bill of lading replaced the first bill of lading and that this is the only conclusion a reasonable mind could reach. Appellant contends that the memo on check No. 2283 refers to the invoice from the first bill of lading, thereby establishing that the second bill of lading superseded the first bill of lading. The only relevant groups of numbers that appear on either bill of lading are the bill of lading number, which changes with each bill of lading, and the container number, which refers to the container used to consolidate goods being shipped. This latter number does not necessarily change when the bill of lading changes. The memo on check No. 2283 refers to the container number that appears on the second bill of lading (OCLUO63633–6). The container number that appeared on the first bill of lading is OCLU 063633. Reference to the container number is not evidence that the second bill of lading was intended to supersede the first bill of lading. Even if the memo had referred to the first bill of lading number, it would not prove that the second bill of lading was intended to replace the first bill of lading and discharge the parties' duties under the first bill of lading.

■ Included in Amer's affidavit is the assertion that the terms and conditions of the bill of lading are unconscionable because they are intentionally printed in small print that is illegible and thus permitted appellee to know the terms of the contract while not providing appellant the opportunity to know the contract terms. While the print is small, it is not illegible and the language is understandable. A party's duty to read terms of a contract before entering into it depends on the facts of the specific case. Both parties are commercially sophisticated. This was not a consumer transaction. " '[T]he respective intelligence, experience, age, and mental and physical condition of the parties, and the relation and respective knowledge and means of knowledge of the parties' " are some of the factors to consider. *COSMCO, Inc. v. Head, Inc.* (1990), 70 Ohio App.3d 544, 548, 591 N.E.2d 803, 806. There are no facts in the record which excuse appellant's failure to read the terms of the bill of lading and permit appellant to be excused from the terms. Accordingly, we find that the terms and conditions are not unconscionable.

Amer's affidavit also avers that "the offer and acceptance of returning the shipment to the U.S. for the sum of $1,622 constituted a new contract which superseded the original contract for $3,295." To successfully establish that the second bill of lading superseded the first bill of lading, appellant needed to

introduce evidence that both parties intended this result. See *Fairway Manor, Inc. v. Akron* (1983), 13 Ohio App.3d 233, 13 OBR 285, 468 N.E.2d 927. Appellant has not introduced any evidence indicating that appellee intended the second bill of lading to replace the first bill of lading.

We find that no genuine issue of material fact exists in respect to whether the second bill of lading was intended to discharge the duties of the first bill of lading. The two bills of lading are separate contracts and enforceable. Accordingly, we overrule appellant's first, second, and fourth assignments of error.

Appellant's assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG and PETREE, JJ., concur.

WILLIAM H. HARSHA III, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.