WALTER, Co–Admr. Appellant,

v.

ALLIEDSIGNAL, INC., et al., Appellee,

[Cite as *Walter v. AlliedSignal, Inc.* (1999), 131 Ohio App.3d 253.]

Court of Appeals of Ohio,
Third District, Wyandot County.

No. 16–98–11.

Decided March 10, 1999.

254

*Gerald S. Leeseberg,* for appellant.

*R. Leland Evans* and *Terrance M. Miller,* for appellee AlliedSignal.

*Michael J. Malone,* for appellee Victor Mazza, M.D.

---

HADLEY, Judge.

This is an appeal from a summary judgment entered by the Common Pleas Court of Wyandot County against Lisa Walter ("appellant"), co-administrator of the estate of Robert Baker, on her survivorship claim and her wrongful death claim against AlliedSignal. For the following reasons, we affirm the judgment of the trial court.

On September 5, 1995, Robert Baker began to experience aching through his shoulders, upper back, and chest while at his place of employment, AlliedSignal's Autolite plant in Fostoria, Ohio. Baker went to the medical department at the plant and was examined by Nurse Kristal Wiseman. Wiseman sent Baker home. After returning to his home, Baker suffered a heart attack that was ultimately fatal.

Appellant filed a complaint against AlliedSignal and Dr. A.C. Mazza, who is not a party to this appeal. On November 20, 1996, AlliedSignal filed a motion for summary judgment claiming immunity from suit by Mr. Baker under the Ohio Workers' Compensation Act. Appellant filed a memorandum contra to AlliedSignal's motion for summary judgment and AlliedSignal filed a reply. The trial court granted summary judgment to AlliedSignal on April 18, 1997. This judgment entry was not a final, appealable order until October 1, 1998 when the trial court granted Civ.R. 54(B) certification *nunc pro tunc.* See *Porter v. Lerch* (1934), 129 Ohio St. 47, 1 O.O. 356, 193 N.E. 766, paragraph five of the syllabus (holding that a *nunc pro tunc* entry does not run the time for appeal from the date of the original judgment entry if to do so would deny a party the right of review). Appellant timely asserts the following three assignments of error.

## ASSIGNMENT OF ERROR NO. I

"The trial court erred as a matter of law in finding that there was no genuine issue of material fact as to whether the defendant-appellee was acting in a dual-capacity in the provision [*sic*] of medical care to plaintiff-appellant's decedent."

Under her first assignment of error, appellant asserts that a genuine issue of material fact exists as to whether AlliedSignal stepped outside the boundaries of the customary employer-employee relationship and, thus, acted in a dual capacity. For the following reasons, we disagree.

As a preliminary matter, we must determine what items in the record we should review for the purposes of *de novo* summary judgment review. In the case before us, procedurally, appellant filed her complaint against AlliedSignal and Mazza on August 26, 1996. AlliedSignal answered the complaint on September 20, 1996. Mazza answered the complaint on October 11, 1996. AlliedSignal moved for summary judgment on November 20, 1996. Attached to AlliedSignal's motion were the affidavits of Jack Glenn and Wiseman. Wiseman's deposition was filed on February 3, 1997. On February 6, 1997, after two continuances, appellant filed her memorandum contra to AlliedSignal's motion for summary judgment. Attached to her memorandum were the stipulated medical records of Baker.

On February 13, 1997, AlliedSignal filed a reply to appellant's memorandum contra to its motion for summary judgment with the attachment of the supplemental affidavit of Jack Glenn. Appellant filed a motion to strike AlliedSignal's reply brief in support of its motion for summary judgment or, in the alternative, asked the trial court for a continuance to file a surreply. On February 25, 1997, the trial court overruled appellant's request to strike AlliedSignal's reply brief and appellant's request for a continuance.

Mazza's deposition was filed on February 25, 1997. AlliedSignal was granted summary judgment on April 18, 1997. The trial court did not include Civ.R. 54(B) language in its entry granting summary judgment to AlliedSignal. On May 15, 1997, appellant filed a motion for an entry *nunc pro tunc* to conform the judgment entry of April 18, 1997 to Civ.R. 54(B). AlliedSignal filed a memorandum in opposition to appellant's motion and on May 16, 1997, the trial court overruled appellant's motion for Civ.R. 54(B) certification. The following depositions were then filed in this matter: Lisa Walter (December 9, 1997), Bradley D. Baker (May 20, 1998), Sharon L. Putnam (May 20, 1998), and Dr. Richard Paul Friedlander (August 3, 1998).

On September 25, 1998, appellant filed a motion for reconsideration asking the trial court to reconsider its decision granting summary judgment to AlliedSignal and its decision overruling appellant's motion for an entry *nunc pro tunc* to conform the judgment entry of April 18, 1997 to Civ.R. 54(B). On October 1, 1998, the trial court entered a judgment adding the Civ.R. 54(B) language "no just cause for delay" to its previous entry granting summary judgment to AlliedSignal.

Next, the deposition of Dr. Charles A. Bush was filed on October 14, 1998. Then, on October 26, 1998, appellant submitted supplemental authority in support of her motion to reconsider the trial court's decision granting summary judgment in favor of AlliedSignal. Attached to appellant's motion was Dr. Friedlander's

affidavit. On October 28, 1998, appellant filed her notice of appeal from the entry granting summary judgment to AlliedSignal.

█ We begin our analysis by finding that it is well established that a trial court's order granting summary judgment upon the whole case as to fewer than all the parties is a final appealable order only upon an express determination that "there is no just reason for delay" until judgment is granted as to all the parties. *Brown v. Performance Auto Ctr.* (May 19, 1997), Butler App. No. CA96–10–205, unreported, 1997 WL 264203, citing *Whitaker–Merrell Co. v. Geupel Constr. Co.* (1972), 29 Ohio St.2d 184, 187, 58 O.O.2d 399, 400–401, 280 N.E.2d 922, 925; Civ.R. 54(B)and 56(D). In the case at bar, when the trial court granted summary judgment to AlliedSignal, Mazza remained a party to this action. Here, the decision and entry granting summary judgment was interlocutory as it did not dispose of all of the parties and did not contain an express determination that there was no just reason for delay. Civ.R. 54(B); *Stewart v. Midwestern Indemn. Co.* (1989), 45 Ohio St.3d 124, 127, 543 N.E.2d 1200, 1202–1203.

█ We note, however, that it is also a well-established rule of appellate law that a reviewing court may consider only the evidence that the trial court had before it. *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraph one of the syllabus. In this instance, the *nunc pro tunc* order relates back to the date on which the act occurred. See, generally, *In re Petition for Inquiry into Certain Practices* (1948), 150 Ohio St. 393, 38 O.O. 258, 83 N.E.2d 58; *Showcase Homes, Inc. v. Ravenna Sav. Bank* (1998), 126 Ohio App.3d 328, 710 N.E.2d 347.[1] Accordingly, on our review of the entry of summary judgment, we find that we may only consider the record as the trial court could have properly considered it as of April 18, 1997 according to the requested *nunc pro tunc* order.[2]

---

1. "A judgment entered *nunc pro tunc* may be given effect from different dates for different purposes. For some purposes, the judgment may be given effect from the actual date of its *nunc pro tunc* entry. Generally, however, a *nunc pro tunc* entry of judgment or a *nun pro tunc* correction of the records of a judgment is given a retrospective operation as between the parties thereto." *In re Petition for Inquiry into Certain Practices, supra,* paragraph two of the syllabus.

2. We find that we may consider Glenn's supplemental affidavit as Civ.R. 56(E) states that "the court may permit affidavits to be supplemented or opposed by depositions or further affidavits." See *McGuinness v. Hooper* (Feb. 6, 1998), Montgomery App. No. 16551, unreported, 1998 WL 46688. "The rule expressly recognizes a trial court's power to permit supplementary affidavits from either the movant or the respondent." *McGuinness, supra,* citing 2 Klein & Darling, Civil Practice (1997) 576–78, Section 56–23. Although we may consider Glenn's supplemental affidavit, we find that it is unnecessary in our determination of the first assignment of error. See, also, appellant's second and third assignments of error.

■ We also find that "[t]he Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court." *Pitts v. Ohio Dept. of Transp.* (1981), 67 Ohio St.2d 378, 21 O.O.3d 238, 423 N.E.2d 1105, paragraph one of the syllabus. Accordingly, we find that on October 1, 1998, when the trial court entered the requested judgment entry adding Civ.R. 54(B) certification to the order of summary judgment, the summary judgment order became a final order *nunc pro tunc.* Thus, the pending reconsideration motion became a nullity by the trial court's actions as the trial court cannot reconsider a final judgment. *Id.*

■ For the above reasons, our summary judgment review will consist of the items in the record through April 18, 1997. Having decided the contents of the proper record for our summary judgment review, we must now determine the proper standard of review for summary judgment. In considering an appeal from the granting of a summary judgment, we review the grant of the motion for summary judgment independently and do not give deference to the trial court's determination. *Schuch v. Rogers* (1996), 113 Ohio App.3d 718, 720, 681 N.E.2d 1388, 1389–1390. Accordingly, we apply the same standard for summary judgment as the trial court. *Midwest Specialties, Inc. v. Firestone Tire & Rubber Co.* (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411, 413–414.

■ Summary judgment is proper when, looking at the evidence as a whole, (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); *Horton v. Harwick Chemical Corp.* (1995), 73 Ohio St.3d 679, 686–687, 653 N.E.2d 1196, 1201–1203. To make this showing, the initial burden lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273–274. Those portions of the record include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action. Civ.R. 56(C).

Having set forth the proper record for our review and the proper standard of review, we now turn to the merits of appellant's first assignment of error. "Section 35, Article II of the Ohio Constitution grants the authority to the General Assembly to establish a workers' compensation program and expressly provides that such compensation is the exclusive remedy of the employee who has been injured within the course of his employment. The General Assembly codified the exclusivity of the workers' compensation laws in quite unambiguous

terms in R.C. 4123.74." *Freese v. Consol. Rail Corp.* (1983), 4 Ohio St.3d 5, 7, 4 OBR 5, 6, 445 N.E.2d 1110, 1111. R.C. 4123.74 provides as follows:

"Employers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his employment, or for any death resulting from such injury, occupational disease, or bodily condition occurring during the period covered by such premium so paid into the state insurance fund, or during the interval the employer is a self-insuring employer, whether or not such injury, occupational disease, bodily condition, or death is compensable under this chapter."

■ Thus, an employer with an Industrial Commission certificate of workers' compensation insurance governing the period when a workplace injury or death occurs to an employee is entitled to judgment in its favor based on the statutory immunity from nonintentional personal injury and wrongful death tort claims as a matter of law. *Bridges v. Natl. Eng. & Contracting Co.* (1990), 49 Ohio St.3d 108, 551 N.E.2d 163.

■ The dual capacity doctrine, however, is an exception to the workers' compensation laws that allows the presentation of common-law claims against an employer. *McGee v. Goodyear Atomic Corp.* (1995), 103 Ohio App.3d 236, 247, 659 N.E.2d 317, 324. "In order for the dual capacity doctrine to apply, there must be an allegation and showing that the employer occupied two independent and unrelated relationships with the employee, that (at the times of these roles) there were occasioned two different obligations to the employee and that the employer had during such time assumed a role other than that of employer." *Id.*at 247, 659 N.E.2d at 324,, citing *Schump v. Firestone Tire & Rubber Co.* (1989), 44 Ohio St.3d 148, 150, 541 N.E.2d 1040, 1042–1043; *Bakonyi v. Ralston Purina Co.* (1985), 17 Ohio St.3d 154, 157, 17 OBR 356, 358–359, 478 N.E.2d 241, 243–244; *Freese v. Consol. Rail Corp.*, 4 Ohio St.3d at 12, 4 OBR at 10–11, 445 N.E.2d at 1115–1116.

■ "An employer may become a third person, amenable to tort suit by an employee under this doctrine, if—and only if—he possesses a second persona so completely independent from, and unrelated to, his status as an employer that by established standards the law recognizes it as a separate legal person. See *McDonald v. Contractors & Indus. Bldrs.* (Aug. 26, 1992), Scioto App. No. 91CA2005, unreported [1992 WL 209499]. See, also, 2A Larson, Workmen's Compensation (1988) 14–229, Section 72.81(a). In other words, the inquiry to be made is whether the employment relationship is incidental to or predominates in the circumstances surrounding the incident giving rise to the complaint herein.

See *Lucas v. Prose* (Mar. 12, 1992), Franklin App. No. 91AP–917, unreported [1992 WL 218087]." *McGee, supra*, 103 Ohio App.3d at 247, 659 N.E.2d at 324.

In the case before us, according the affidavit of Jack Glenn, the Manager of Health and Safety at AlliedSignal's Autolite plant, AlliedSignal was in full compliance with the Workers' Compensation Act at the time of Baker's death. Appellant contends, however, that summary judgment was wrongfully granted because a genuine issue of material fact exists as to whether the medical department existed in dual capacity in AlliedSignal's plant.

First, appellant asks this court to find that because Baker was treated for nonoccupational injuries in the plant's medical department, a genuine issue of material fact exists as to whether AlliedSignal's plant functioned in a dual capacity. Appellant relies on *McGee, supra*, 103 Ohio App.3d 236, 659 N.E.2d 317 and *Guy v. Arthur H. Thomas Co.* (1978), 55 Ohio St.2d 183, 9 O.O.3d 138, 378 N.E.2d 488 (the first Ohio case to recognize the dual capacity doctrine), to support the existence of dual capacity in this case.

In *McGee*, the Fourth Appellate District held that plant physicians providing treatment for nonoccupational conditions arguably created a dual capacity. We find, however, that the *McGee* case is distinguishable. In that case the decedent testified in his deposition that he treated the plant physicians as his "family doctor." Moreover, one of the plant physicians stated that he viewed himself as a "private doctor" to the plant employees. The court held that this created a genuine issue of material fact as to whether the physicians assumed a second status of personal physicians to employees. *McGee, supra.*

Here, the affidavit of Jack Glenn provided that the three primary purposes of the plant's medical facility are to treat on-duty employees for workplace injuries; to provide work physicals, hearing tests and the like to on-duty employees; and to treat minor, nonwork-related conditions, such as headaches and colds, which interfere with the productivity of on-duty employees.

The evidence undisputedly provides that Baker was seen at the medical department at his place of employment various times from his date of hire in 1976 to his death in 1995. Baker was treated for upset stomachs, coughs due to cold, headaches, sore throats, and various other conditions at the medical department. Although Wiseman stated that virtually every time she saw Baker it was for a nonoccupational visit, there was no evidence presented that the visits occurred while Baker was off-duty. Unlike *McGee* there also exists no evidence in the record that Baker considered the medical department his primary doctor's office. As a matter of fact, Wiseman stated that Baker had a personal doctor.

In her deposition, Wiseman also provided that all employees might see the doctors, who are present in the medical department once a week, even if they are

not on duty when the doctor is available for physicals or to treat an occupational injury. This testimony does not demonstrate that employees treated the medical department as their primary physician's office. Thus, we find appellant's reliance upon *McGee* unpersuasive.

We are also not persuaded by appellant's reliance on *Guy, supra,* 55 Ohio St.2d 183, 9 O.O.3d 138, 378 N.E.2d 488. In *Guy,* a laboratory technician was employed by a hospital. In the course of her employment, she contracted mercury poisoning. She consequently became a patient in the hospital, where she was negligently treated for her condition. The Court held that she could sue the hospital because when she became a patient the hospital took on additional and independent duties toward her.

In the case *sub judice,* as previously stated, Glenn's affidavit provided the three purposes of the medical department. AlliedSignal provided a medical department for the use of its employees. The medical department was staffed daily with an industrial nurse and one day per week with a doctor. From Glenn's affidavit and Wiseman's deposition, it appears that the purposes of the medical department are to keep the employees productive by relieving their illness so that the employees may return to work, or to send the employees home. Accordingly, we find that there is no genuine issue of material fact as to whether AlliedSignal stepped out of its role as employer when Baker went to the medical department for nonoccupational visits. Accordingly, we also find appellant's reliance on the facts of *Guy* unpersuasive.

Appellant's second argument under this assignment of error asserts that Wiseman's action on the date in question establishes a genuine issue of material fact as to whether her actions created a secondary capacity that went beyond the role of an industrial nurse and took on the role of a primary care nurse. In her deposition, Wiseman describes her encounter on the day in question as follows:

"Bob [Baker] had come down wanting some Tylenol or something because he was feeling kind of achy, feeling weak, and I just had him come in to take his blood pressure."

In the medical department's encounter log for Baker, the visit was described as follows:

"EE alleges weakness with an 'aching' across upper chest and upper back—also alleges he has been under Dr.'s care for this (awaiting results of blood work). Denies any SOB or actual pain. BP 100/72 P 76 T 99.0. Bedrest × 20 min. BP 118/78 P 80—weakness continues. Scott Garber notified that EE will be going home. Girlfriend will take EE home."

From the relevant record before this court, it appears that Baker went to the medical department and Wiseman sent him home, as he was not feeling well.

Thus, we cannot find that Wiseman's actions on September 5, 1995 created a genuine issue of material fact as to whether she acted in a dual capacity. Accordingly, we overrule appellant's first assignment of error.

## ASSIGNMENT OF ERROR NO. II

"The trial court erred as a matter of law in considering evidence submitted by the defendant-appellee in support of its motion for summary judgment, which failed to comply with Civil Rule 56 and Evid.R. 702."

Under her second assignment of error, appellant asserts that the trial court abused its discretion by allowing AlliedSignal to introduce the supplemental affidavit of Jack Glenn. Appellant also asserts that the supplemental affidavit does not comply with Civ.R. 56(E) and Evid.R. 702.

Civ.R. 56(E) states that a "court may permit affidavits to be supplemented or opposed by depositions or by further affidavits." See *McGuinness v. Hooper* (Feb. 6, 1998), Montgomery App. No. 16551, unreported, 1998 WL 46688. Thus, the trial court did not abuse its discretion in allowing the introduction of Glenn's supplemental affidavit. See *Renfro v. Black* (1990), 52 Ohio St.3d 27, 32, 556 N.E.2d 150, 154–155 (holding that a trial judge has wide discretion when determining the admissibility of such evidence, and will not be disturbed on appeal absent a clear showing of abuse of discretion).

We next find that the supplemental affidavit complies with Civ.R. 56(E). Appellant argues that paragraph seven of Glenn's supplemental affidavit is not based upon Glenn's own knowledge and is offered as medical opinion requiring compliance with Evid.R. 702. The paragraph in question provides as follows:

"I have reviewed the company medical file of plaintiff's decedent, Robert Baker, in conjunction with the nursing personnel at the plant. Based upon that review, I can state that all treatment rendered to Mr. Baker was in accordance with the Company policies and procedures outlines in this and my original Affidavit. Specifically, during the entire time Mr. Baker was employed here, he was treated in this medical facility only for work related (i.e. on-the-job) injuries; for the providing of employment required physicals and/or hearing tests and, while on duty, for minor, non-occupational conditions such as, for example, colds, indigestion and insect stings, which were affecting Mr. Baker's ability to work. To the best of my knowledge, consistent with our policy at no time was Mr. Baker treated for a non-occupational injury at a time when he was not on duty."

Civ.R. 56(E) provides that affidavits shall be made on personal knowledge and shall set forth facts that would be admissible in evidence. Glenn is AlliedSignal's Manager of Health and Safety at the Fostoria plant. After reviewing paragraph seven of Glenn's supplemental affidavit, we cannot find that the trial court abused

its discretion in allowing AlliedSignal to introduce the affidavit as we find that it is based on his personal knowledge of reviewing the AlliedSignal's files concerning Baker.

In any event, because there is no indication that the trial court relied on the supplemental affidavit in sustaining AlliedSignal's motion for summary judgment, we presume that the court only considered evidence properly submitted pursuant to Civ.R. 56. See *Chambers v. St. Mary's School* (June 27, 1997), Geauga App. No. 96–G–2013, unreported, 1997 WL 401555, affirmed (1998), 82 Ohio St.3d 563, 697 N.E.2d 198, citing *Biskupich v. Westbay Manor Nursing Home* (1986), 33 Ohio App.3d 220, 222–223, 515 N.E.2d 632, 634–635. See, also, *Holley v. Massie* (1995), 100 Ohio App.3d 760, 654 N.E.2d 1293. Accordingly, we reject appellant's argument and overrule her second assignment of error.

## ASSIGNMENT OF ERROR NO. III

"The trial court abused its discretion in refusing to grant plaintiff-appellant a continuance on the hearing for the motion for summary judgment in order to permit affidavits to be obtained and or [*sic*] discovery to be had to oppose said motion."

██ Under her third assignment of error, appellant argues that the submission and consideration of the supplemental affidavit violated her due process rights because her motion for a Civ.R. 56(F) continuance was improperly denied. After reviewing the record, we find that the trial court did not abuse its discretion in overruling appellant's request for a continuance. As was recently noted in *Webber v. State Farm Mut. Auto. Ins. Co.* (June 5, 1997), Franklin App. No. 96APE10–1336, unreported, 1997 WL 304421, when a party opposing a motion for summary judgment does not have by way of affidavits, facts essential to justify the party's opposition, he may obtain a continuance by submitting an affidavit that states a factual basis, provides sufficient reasons for the lack of supporting affidavits, and details the need for additional time to permit affidavits to be obtained or further discovery to be had. See, also, Civ.R. 56(F).

██ A trial court has wide discretion to grant or deny a request for a continuance pursuant to Civ.R. 56(F) and its decision will not be reversed absent an abuse of that discretion. *Glimcher v. Reinhorn* (1991), 68 Ohio App.3d 131, 138, 587 N.E.2d 462, 467. Here, appellant was granted a sixty-day continuance on December 9, 1996 and a five-day continuance on February 6, 1997. Thus, appellant was granted two continuances prior to her request for a third continuance. Moreover, neither the language of Civ.R. 56 nor the applicable local rules provide appellant with the opportunity to respond to a reply brief of AlliedSignal.

*Chambers, supra* (unreported), citing *P & O Containers, Ltd. v. Jamelco, Inc.* (1994), 94 Ohio App.3d 726, 731, 641 N.E.2d 794, 797.

In addition, we have found that there exists no indication that the trial court relied on Glenn's supplemental affidavit as asserted by appellant. Thus, although we are cognizant of appellant's procedural due process allegation, we will not presume irregularity in a trial court's proceedings. *Chambers, supra; Biskupich, supra,* 33 Ohio App.3d 220, 515 N.E.2d 632. Accordingly, we do not find that the trial court abused its discretion in denying appellant's request for a continuance. Therefore, we overrule appellant's third assignment of error.

Having overruled appellant's three assignments of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

THOMAS F. BRYANT, P.J., and WALTERS, J., concur.