HARTWELL ET AL., APPELLANTS, *v.* VOLUNTEERS OF AMERICA, APPELLEE.

(No. 80AP-615—Decided May 19, 1981.)

*Mr. William M. Schumann,* for appellants.

*Messrs. Siemer & Boyton* and *Mr. Walter J. Siemer,* for appellee.

STRAUSBAUGH, P.J. This is an appeal of a decision of the common pleas court granting defendant-appellee's motion for summary judgment.

On October 8, 1976, plaintiffs-appellants filed a complaint in the trial court alleging that on December 24, 1975, plaintiff, Barbara Hartwell, was injured as a result of a collision with a truck owned by defendant, which was driven at that time by an employee acting within the course and scope of his employment. Pretrial discovery by both parties was conducted in the form of interrogatories and trial was set for October 2, 1978. On October 4, 1978, the trial court ordered, by agreement of counsel, that the case be placed on the inactive status pending improvement of plaintiff's, Barbara Hartwell's, psychiatric condition.

On May 28, 1980, defendant moved to have the case removed from inactive status and filed a motion for summary judgment supported by plaintiff's answers to the interrogatories, affidavits and exhibits. In response to defendant's motion for summary judgment, plaintiffs filed a reply memorandum and a motion, supported by an affidavit, for a continuance to permit plaintiffs to depose several employees and officers of defendant, so that plaintiff may more completely respond to defendant's motion for summary judgment, pursuant to Civ. R. 56(F).

The trial court granted defendant's motion for summary judgment without specifically ruling on plaintiffs' motion for a continuance. In appealing the decision of the trial court, plaintiffs bring the following assignments of error:

"1. Trial court erred in sustaining motion for summary judgment.

"2. Trial court erred in not sustaining appellant's motion for an order postponing and continuing hearing on

summary judgment for the purpose of conducting discovery."

Because of the nature of the assignments of error, they will be treated in reverse order. Civ. R. 56(F) states as follows:

"Should it appear from the affidavits of a party opposing the motion for summary judgment that he cannot for sufficient reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."

The trial court never specifically considered or ruled upon plaintiffs' motion for a continuance. However, before we can find error on the part of the trial court we must examine the record in order to determine whether plaintiffs presented sufficient reasons to justify a continuance.

A review of the record in this case indicates that both parties agreed to place the case on the inactive status, due to the psychological condition of plaintiff, Barbara Hartwell. Up to that point, plaintiffs felt "there was no need for extensive pretrial discovery in view of the fact that plaintiffs' attorney, at the time, contemplated to protect his client's interest at trial."

Within the affidavit submitted by plaintiffs in support of their motion for a continuance, it is stated that the facts concerning the issue of whether the driver of defendant's truck was acting within the scope of his employment at the time of the accident is totally within the knowledge of defendant, its officers and employees. Because said issue is central to the determination of the motion for summary judgment, plaintiffs have demonstrated sufficient reasons why they cannot oppose the motion for summary judgment by affidavit.

We find that the trial court erred by failing to consider and rule on plaintiffs' motion for a continuance, pursuant to Civ. R. 56(F). An examination of the record of this case indicates that had the trial court considered said motion, a continuance would have been granted. Plaintiffs' second assignment of error is well taken and is sustained.

Based on the above, we find that the trial court erred in sustaining defendant's motion for summary judgment. Plaintiffs' first assignment of error is well taken and is sustained. The judgment of the trial court is hereby reversed and remanded for further proceedings consistent with this decision and in accordance with law.

*Judgment reversed and case remanded.*

WHITESIDE and REILLY, JJ., concur.