OPINION
{¶ 1} Donald W. Stoyer, defendant-appellant, appeals a judgment of the Franklin County Court of Common Pleas, rendered February 6, 2002, denying his motion for relief from judgment and motion for a new trial.
{¶ 2} Although the record from the trial court is unusually lengthy, due largely to a vast multitude of filings by appellant, we will limit our factual summary to only those salient facts and pleadings that are necessary for resolution of the issues before us on appeal. Appellant leased an apartment from plaintiff-appellee, Paul McGowan, beginning in approximately November 1997. Appellant allegedly failed to pay various expenses outlined in the rental agreement and occupied more than one room on the premises. On October 4, 1999, appellee filed a complaint in the Franklin County Municipal Court to remove appellant from the premises and recover monies for past-due rents, utilities, and related costs. On November 4, 1999, appellant, acting pro se, filed an answer and counterclaim for damages caused by appellee. Due to the amount requested in the counterclaim, $4,068,000, the case was transferred to the Franklin County Court of Common Pleas. Appellant filed a first amended counterclaim on December 30, 1999. On January 24, 2000, appellant filed a second amended counterclaim. On March 23, 2000, appellant filed a third amended counterclaim. On September 28, 2000, appellant's deposition was taken; however, appellee was not present. Because the parties had apparently agreed that appellant would be permitted to depose appellee at the same time, it was agreed at the end of the September 28, 2000 deposition that appellee's deposition could be taken at a later date, and appellant's deposition would be continued until then.
{¶ 3} On October 18, 2000, appellee filed a motion for partial summary judgment on appellant's counterclaims, arguing that appellant had failed to demonstrate he sustained any monetary damages as a proximate result of appellee's negligence. Appellant filed an untimely memorandum contra appellee's motion for partial summary judgment on November 14, 2000. On November 16, 2000, the trial court found there was no genuine issue of material fact with regard to the damages and granted the partial summary judgment motion in a decision. The decision was journalized on November 30, 2000. Appellant filed a motion to file a fourth amended counterclaim on December 20, 2000, demanding $13,000,000 in damages as a result of appellee's actions. The court struck appellant's fourth amended counterclaim on January 17, 2001. On January 8, 2001, appellant moved to file a fifth amended counterclaim. On January 22, 2001, after realizing that appellant had, in fact, filed an untimely memorandum contra motion for partial summary judgment, the trial court filed an addendum to its decision affirming its decision to grant appellee's motion for partial summary judgment on appellant's counterclaims.
{¶ 4} On April 11, 2001, the case came on for trial on appellee's complaint. At that time, appellee agreed to dismiss without prejudice his claims relating to rent and other damages arising from his former landlord-tenant relationship with appellant. A stipulation of dismissal was entered on July 31, 2001. On August 6, 2001, the trial court issued a journal entry revisiting and reaffirming the decision granting appellee's motion for partial summary judgment on appellant's counterclaims granted November 30, 2000. Also on August 6, 2001, the court issued a journal entry of dismissal, in which the court journalized the dismissal of the matter, noting that appellee advised the court on April 11, 2001 that he agreed to terms for the settlement of his claims against appellant that did not involve payment by appellant. In reliance upon the agreement, appellee dismissed his claim. The court found that because no further matters needed to be decided, dismissal of the entire action, with prejudice, was appropriate.
{¶ 5} On September 4, 2001, appellant filed a motion for relief from judgment and motion for a new trial. On October 16, 2001, the trial court issued a decision denying appellant's motion for relief from judgment and motion for a new trial. On November 15, 2001, appellant filed a notice of appeal of the October 16, 2001 decision, but this court sua sponte dismissed the appeal due to the lack of a final appealable order, indicating that the notice would be deemed filed when the court issued its final judgment. The court issued an entry journalizing its October 16, 2001 decision on February 6, 2002. Appellant filed another notice of appeal on March 5, 2002. Appellee has filed a motion to dismiss appellant's appeal in this court. Appellant has filed a motion to strike appellee's merit brief. In his appeal, appellant, acting pro se, has asserted the following assignments of error:
{¶ 6} "1. The trial court never considered and/or abused its discretion by not considering an evidentiary hearing in regards to protective orders being issued pursuant to the Ohio Revised Code Civ[.] R[.] 26(C) and Evid[.]R[.] 402 to create an in camera inspection of said evidence to see if admissibility of such evidence if [sic] was so warranted.
{¶ 7} "2. The trial court never considered and/or abused its discretion by not_considering mistake, inadvertence, excusable neglect pursuant [to] Civ[.]R[.] 60(B) in regards to the claims within appellee's Motion for Relief from Judgment and/or Motion for New Trail, [sic] such as to see if their [sic] was a promise and/or agreement upon the record, and if the appellant who was absent counsel during the deposition conflicted with the time of the deposition from the time of his Notice and Request of Deposition Submitted by Plaintiff.
{¶ 8} "3. The trial court never considered and/or abused its discretion by considering all damages and not liability and/or the merits pursuant [to] Civ[.]R[.] 60(B)(1), when in fact the appellant['s] claims or merits were never considered."
{¶ 9} Before addressing appellant's assignments of error, we must first address appellee's motion to dismiss. Appellee asserts that appellant's appeal should be dismissed because appellant failed to file a notice of appeal within thirty days pursuant to App.R. 4(A) and failed to timely file a motion for new trial within fourteen days pursuant to Civ.R. 59. It is true that appellant did not file an appeal to the August 6, 2001 judgment. However, appellant has properly appealed the February 6, 2002 judgment denying his motion for new trial and motion for relief from judgment, and we will address the assignments of error as they relate to that judgment. Appellee also argues that appellant filed his motion for new trial out of time in the court below. However, that matter is better addressed in our discussion of appellant's assignments of error. Thus, we deny appellee's motion to dismiss.
{¶ 10} Appellant argues in his first assignment of error the trial court never considered holding and/or abused its discretion by failing to hold an evidentiary hearing on his protective orders pursuant to Civ.R. 26(C) and Evid.R. 402 to inspect certain evidence to determine the admissibility of such. Appellant filed a motion for protective orders on September 20, 2000. In such motion, he sought to prohibit appellee's use of evidence that appellant submitted with his previously filed motion for search and seizure warrant and administrative hold with special instructions. The trial court denied the motion for protective orders in a decision on October 25, 2000.
{¶ 11} Appellee counters that we cannot address the trial court's failure to hold an evidentiary hearing because appellant failed to perfect a timely appeal of such determination. We agree. We first note, however, that there is nothing in the trial court record to indicate that a judgment was filed journalizing the trial court's October 25, 2000 decision denying appellant's motion for protective orders. Even assuming, arguendo, that the trial court's October 25, 2000 decision was never journalized and was not a final appealable order subject to immediate appeal, such determination became subject to appeal, at the latest, when the trial court filed a journal entry of dismissal on August 6, 2001, pursuant to appellee's stipulation of dismissal of all of his claims against appellant. Appellant never appealed the trial court's August 6, 2001 judgment. Rather, as discussed above, appellant has filed an appeal only as to the trial court's October 16, 2001 decision denying his motion for relief from judgment and motion for new trial, which the trial court journalized on February 6, 2002. Therefore, we cannot address appellant's first assignment of error, and, as such, it is overruled.
{¶ 12} Appellant argues in his second assignment of error the trial court never considered and/or abused its discretion in considering mistake, inadvertence, and excusable neglect pursuant to Civ.R. 60(B) with regard to the claims within his motion for relief from judgment and/or motion for new trial. He contends that the trial court should have checked to see if there was a promise or agreement upon the record to continue his and appellee's deposition to a later date before ruling on the motion for summary judgment. With regard to his motion for new trial, the trial court found it was not timely filed. Again, the entry of dismissal was filed on August 6, 2001. Appellant filed his motion for relief from judgment and motion for new trial on September 4, 2001. Civ.R. 59(B) provides a motion for new trial shall be filed not later than fourteen days after the entry of judgment. Appellant's motion for new trial was filed well beyond fourteen days after the final judgment on August 6, 2001. Clearly, appellant's motion for new trial was untimely, and we affirm the trial court's judgment in that respect.
{¶ 13} With regard to appellant's appeal of the trial court's denial of his motion for relief from judgment, a few preliminary notes are necessary. We reiterate that the August 6, 2001 entry of dismissal was a final appealable order from which there was no timely appeal. When deciding this case, we must remember Ohio courts have steadfastly held litigants may not use Civ.R. 60(B) as a substitute for appeal. Steadley v. Montanya (1981), 67 Ohio St.2d 297, 299, and Bosco v. Euclid (1974),38 Ohio App.2d 40. The filing of a Civ.R. 60(B) motion for relief from judgment does not extend the App.R. 4(A) thirty-day time period for filing a notice of appeal. Id. Thus, we must focus on whether the trial court abused its discretion when denying the Civ.R. 60(B) motion. We cannot leave the Civ.R. 60(B) context and engage in an isolated consideration of whether we would have made the same determinations as the trial court on various unappealed decisions. See In re Estate of Carmichael (Nov. 21, 1991), Scioto App. No. 1877.
{¶ 14} To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense if relief is granted; (2) entitlement to the relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. GTE Automatic Elec. v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus. The decision to grant or deny a motion for relief from judgment is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. All three requirements of the GTE test must be met to prevail on a motion for relief from judgment. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20.
{¶ 15} Appellant has asserted that he is entitled to relief from judgment pursuant to Civ.R. 60(B)(1), (3), and (5). With regard to Civ.R. 60(B)(1), that rule provides that a court may relieve a party or his legal representative from a final judgment, order, or proceeding for mistake, inadvertence, surprise, or excusable neglect. Although rather unclear, appellant seems to argue that he was entitled to relief under subsection (1) because appellee's counsel promised him at his September 28, 2000 deposition that the deposition would be continued until a later date, at which time appellant would also be permitted to depose appellee; however, appellee filed a motion for partial summary judgment on appellant's counterclaims before another deposition could be scheduled.
{¶ 16} We find appellant failed to demonstrate a meritorious claim or defense under Civ.R. 60(B)(1). We can find no meritorious claim of mistake, inadvertence, surprise, or excusable neglect. It has been consistently held that parties who find themselves in a position of having to respond to a motion for summary judgment before adequate discovery has been completed must seek their remedy through Civ.R. 56(F). Civ.R. 56(F) affords a party opposing summary judgment a mechanism whereby it can seek deferral of an action on a motion for summary judgment so that it may obtain affidavits or conduct relevant discovery. When a party opposing a motion for summary judgment moves for a continuance pursuant to Civ.R. 56(F), a trial court may not grant the summary judgment motion without first considering and ruling upon the opposing party's Civ.R. 56(F) motion for a continuance. Collier v. Borror Corp. (Nov. 5, 1998), Franklin App. No 97APE12-1624, citing Hartwell v. Volunteers of America (1981), 2 Ohio App.3d 37. A party who fails to seek such relief does not preserve his right to challenge the adequacy of discovery upon appeal. See Clark Cty. Solid Waste Dist. v. Danis Clarkco Landfill Co. (1996), 109 Ohio App.3d 19, 36, and Fernandez v. Anheuser-Busch, Inc., Franklin App. No. 01AP-1279, 2002-Ohio-3355.
{¶ 17} In the present case, appellant did not seek a continuance pursuant to Civ.R. 56(F). Although he did file a "Motion for `Continuance' of Discovery and/or Pre-Trial Conference," which was not related to the motion for partial summary judgment, such was not filed until January 8, 2001, well after the trial court's initial decision on the motion for partial summary judgment on November 30, 2000. Further, appellant proceeded to file a memorandum contra appellee's motion for partial summary judgment on November 14, 2000, albeit untimely under the local rules. In his memorandum contra, appellant argued the merits of the motion for partial summary judgment and did not request that a decision on the summary judgment motion be continued until after he could take appellee's deposition. Accordingly, he cannot complain that the trial court should have waited before deciding appellee's motion for partial summary judgment. Therefore, appellant's argument under Civ.R. 60(B)(1) is without merit.
{¶ 18} Appellant next argues he was entitled to relief under Civ.R. 60(B)(3), which allows relief from judgment for intrinsic and extrinsic fraud, misrepresentation, or other misconduct of an adverse party. Appellant claims that appellee's counsel committed fraud by failing to inform the trial court that the parties had agreed to continue the deposition of appellant and appellee until a later date. However, fraud upon the court differs from Civ.R. 60(B)(3) fraud or misrepresentation by an adverse party. If the alleged fraud occurred between the parties, Civ.R. 60(B)(3) is the only ground upon which the aggrieved party can seek relief from a prior judgment. Coulson v. Coulson (1983),5 Ohio St.3d 12, 15. If, however, a fraud is perpetrated on the trial court by an attorney or other officer of the court connected with the presentation of a case in court, then Civ.R. 60(B)(5) presents the proper basis for requesting relief from an otherwise final judgment or order. Id. See, also, Staff Note to Civ.R. 60(B) (observing that fraud on the court differs from Civ.R. 60[B][3] fraud or misrepresentation by an adverse party).
{¶ 19} Because appellant's motion to vacate judgment concerns the conduct of appellee's attorney in failing to inform the court of the continued deposition, the applicable ground for potential relief is fraud perpetrated on the court pursuant to Civ.R. 60(B)(5), not subsection (3). See Scholler v. Scholler (1984), 10 Ohio St.3d 98, 106. Thus, appellant has brought this claim under the wrong subsection of Civ.R. 60(B). However, even assuming he had brought his claim of fraud under subsection (5), we find he failed to present a meritorious claim. As explained above, it was appellant's responsibility to file a motion for continuance under Civ.R. 56(F) if he desired to conduct the deposition of appellee prior to the court's ruling on appellee's motion for partial summary judgment. He failed to do so, and the trial court's subsequent decision on the motion for summary judgment cannot be said to be the result of any fraud perpetrated by appellee's counsel. Appellee's counsel had no duty to inform the court of the possibility of a future deposition if he believed the facts and testimony already of record were presently sufficient to support his motion for summary judgment. Therefore, appellant's argument fails.
{¶ 20} Appellant also presents an argument for relief under Civ.R. 60(B)(5), which allows relief from judgment for any reason justifying such relief not enunciated in subsections (1) through (4). Civ.R. 60(B)(5) is a "catchall" provision, which reflects the inherent power of a court to relieve a person from the unjust operation of a judgment. See Volodkevich v. Volodkevich (1988), 35 Ohio St.3d 152. This catchall provision, however, should only be used in rare cases where substantial grounds exist to justify relief. Wiley v. Gibson (1997),125 Ohio App.3d 77, 81.
{¶ 21} Appellant's argument in this regard is somewhat unclear. He seems to claim bias and prejudice by the trial judge in granting partial summary judgment. Apparently, appellant asserts that ruling on the motion for partial summary judgment prior to allowing the deposition of appellee alone demonstrated such bias. However, the Ohio Supreme Court has held that an appellate court has no jurisdiction to vacate the trial court's judgment on appellant's claim of judicial bias. Beer v. Griffith (1978),54 Ohio St.2d 440, 441-442 (because only the Chief Justice or his designee may hear disqualification matters, the court of appeals is without authority to pass upon disqualification or to void the judgment of the trial court on the basis of judicial bias); see, also, Holloway v. Holloway Sportswear, Inc. (June 7, 2001), Shelby App. No. 17-98-20. Further, appellant failed to file a recusal request or an affidavit of disqualification with the Ohio Supreme Court pursuant to R.C. 2701.03, which "provides the exclusive means by which a litigant may claim that a common pleas judge is biased and prejudiced." Jones v. Billingham (1995), 105 Ohio App.3d 8, 11.
{¶ 22} We recognize, however, that Beer, supra, involved a direct appeal to the court of appeals while this case is an appeal from a Civ.R. 60(B)(5) motion. In Volodkevich, supra, at 154, the Ohio Supreme Court held that a judge's participation in a case that gives rise to the appearance of impropriety and possible bias could constitute grounds for relief under Civ.R. 60(B)(5). Even assuming that this court has jurisdiction to vacate the trial court's grant of partial summary judgment where judicial bias is raised in a Civ.R. 60(B) motion, appellant's vague and confusing accusations have not established or even raised a reasonable question that the trial court displayed bias or partiality. We have not been directed to any place in the record where bias was demonstrated, and this court will not search the record for some evidence of claimed error. Four Winners, Inc. v. Columbus Dev. Regulation Div. Admr. (1992), 83 Ohio App.3d 118. As indicated above, we have already determined that the trial court properly ruled on the ripe motion for summary judgment, and appellant failed to file a motion for continuance pursuant to Civ.R. 56(F). In short, nothing in the record supports appellant's baseless assertions of prejudice. Thus, this argument is without merit.
{¶ 23} Appellant also presents an argument under this assignment of error entitled "Argument on Representation of Counsel." Appellant makes a convoluted and undeveloped argument that under Civ.R. 30(B)(2) and 37, the trial court should not have decided appellee's motion for summary judgment. In support of his argument under Civ.R. 30, he cites this court's decision in Britford v. Duncan (Nov. 12, 1993), Franklin App. No. 93AP-385, in which we found a trial court's dismissal of a plaintiff's action with prejudice constitutes an abuse of discretion where the plaintiff fails to comply with an order compelling discovery by a particular date, but there is no evidence of willfulness or bad faith in the plaintiff's inaction, and there is evidence the plaintiff was actively seeking to obtain legal counsel. However, we see no application of those rules or Britford to the present case. The most glaring reason they do not apply is that there is no evidence or argument that appellant ever actively sought to obtain counsel at any time during the relevant period. Notwithstanding, appellant fails to state under which section of Civ.R. 60(B) he seeks relief, and for this fact alone, his motion is defective and may be denied. See Black v. Harris (Dec. 30, 1994), Montgomery App. No. CA 14583. This court cannot and will not make appellant's argument on his behalf. See Helman v. EPL Prolong, Inc. (2000), 139 Ohio App.3d 231, 240. For these reasons, appellant's second assignment of error is overruled.
{¶ 24} In his third assignment of error, appellant argues under Civ.R. 60(B)(1) that the trial court never considered and/or abused its discretion by considering only damages and not liability and/or the merits. As we discussed above, Civ.R. 60(B)(1) provides that a court may relieve a party or his legal representative from a final judgment, order or proceeding for mistake, inadvertence, surprise, or excusable neglect. Although it is not abundantly clear, appellant seems to be arguing that the trial court should not have granted partial summary judgment based upon the damages issue without also determining liability and the merits of his counterclaim. Appellant fails to convince us of any mistake, inadvertence, surprise, or excusable neglect. The trial court granted partial summary judgment on appellant's counterclaims because appellant had failed to raise a genuine issue of material fact as to actual damages he sustained as a result of the negligence of appellee. It is well-settled that the elements of an ordinary negligence suit between private parties are: (1) the existence of a legal duty; (2) the defendant's breach of that duty; (3) proximate cause; and (4) damage as a result of the defendant's breach. Mussivand v. David (1989),45 Ohio St.3d 314, 318. Failure to prove any element is fatal to a negligence claim. Whiting v. Ohio Dept. of Mental Health (2001),141 Ohio App.3d 198, 202, following Osler v. Lorain (1986),28 Ohio St.3d 345, 347. In the present case, because the trial court found appellant could raise no genuine issue of material fact with regard to the damage and proximate cause elements, it was not required to reach the liability issues and actual merits of the case. This argument is without merit.
{¶ 25} Appellant also seems to raise the argument that an evidentiary hearing should have been held on his Civ.R. 60(B) motion. However, where a movant fails to assert operative facts that would warrant relief under this rule, the motion may be denied by the trial court without a hearing. Justice v. Lutheran Social Serv. of Cent. Ohio (1992), 79 Ohio App.3d 439, 442-443. In this case, appellant did not meet the requirements of Civ.R. 60(B); thus, the trial court was not required to hold an evidentiary hearing. For the foregoing reasons, appellant's third assignment of error is overruled.
{¶ 26} Appellant has filed a motion to strike appellee's brief based upon Civ.R. 11, claiming it is not properly endorsed by appellee's attorney of record. However, Civ.R. 11 does not apply to conduct in the court of appeals. Martin v. Ghee (Apr. 9, 2002), Franklin App. No. 01AP-1380. Regardless, we find appellant's contentions without merit. Thus, appellant's motion to strike is denied.
{¶ 27} Accordingly, appellant's motion to strike is denied, appellee's motion to dismiss is denied, appellant's assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Motions denied and judgment affirmed.
DESHLER and PETREE, JJ., concur.