[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
{¶ 1} This is an appeal by defendant-appellant, Christopher William Kane, from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting summary judgment in favor of plaintiff-appellee, Gina Marie Kane.
 {¶ 2} On September 19, 1994, appellee filed a complaint for divorce against appellant. Appellee's complaint alleged that the parties were married on May 7, 1988, and that one child had been born as issue of the marriage. Appellant filed an answer and counterclaim for divorce. Appellant subsequently filed a motion for shared parenting. On January 11, 1996, the trial court filed an agreed judgment entry/decree of divorce.
 {¶ 3} Both parties filed motions to reallocate parental rights and responsibilities. On March 13, 2000, the trial court filed a memorandum of agreement, signed by the parties, regarding the parties' respective motions to reallocate parental rights and responsibilities. On April 3, 2000, the trial court filed an amended shared parenting decree signed by appellee and her counsel, but not signed by appellant or his counsel.
 {¶ 4} On April 6, 2000, appellant filed a motion for Civ.R. 11 sanctions, as well as a motion for relief from judgment pursuant to Civ.R. 60(B). In the accompanying memorandums in support, appellant alleged that appellee, through her counsel, submitted a decree to opposing counsel that did not comport with the in-court memorandum of the parties. By decision and entry filed June 26, 2000, the trial court found that appellant had alleged sufficient facts to warrant an evidentiary hearing on the Civ.R. 60(B) motion.
 {¶ 5} On September 17, 2001, appellee and her former counsel, Linda F. Mosbacher, filed a motion for summary judgment as to appellant's motion for Civ.R. 11 sanctions. Attached to the motion was the affidavit of Mosbacher. In the accompanying memorandum in support, appellee argued that, although Mosbacher made some mistakes in drafting the parenting plan, she did not do so "willfully."
 {¶ 6} On October 4, 2001, appellant filed a Civ.R. 56(F) motion. In the accompanying memorandum, appellant requested the court enlarge the time within which to respond to appellee's motion for summary judgment, arguing that it was imperative for him to obtain the deposition testimony of Mosbacher.
 {¶ 7} The trial court filed a notice of hearing on the motion for summary judgment, setting a hearing date for May 28, 2002. By decision and entry filed July 25, 2002, the trial court granted summary judgment in favor of appellee, dismissing appellant's motion for sanctions.
 {¶ 8} On appeal, appellant sets forth the following single assignment of error for review:
 {¶ 9} "The trial court erred in ruling against Defendant-Appellant when it granted Plaintiff-Appellee's motion for summary judgment after failing to consider and rule upon Defendant-Appellant's motion for a continuance made pursuant to Civ.R. 56(F)."
 {¶ 10} Under his single assignment of error, appellant argues the trial court was required to rule on his motion for a continuance, filed pursuant to Civ.R. 56(F), prior to ruling on the merits of appellee's motion for summary judgment.
 {¶ 11} Civ.R. 56(F) sets forth the procedure for a party opposing summary judgment to seek a continuance to conduct further discovery. Wayne Cty. Natl. Bank v. CFP Leasing Ltd. Partnership, Wayne App. No. 02CA0058, 2003-Ohio-2028. Civ.R. 56(F) states as follows:
 {¶ 12} "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."
 {¶ 13} In support of his contention that the trial court committed reversible error, appellant cites this court's decision in Hartwell v. Volunteers of America (1981), 2 Ohio App.3d 37, in which we reversed the trial court's grant of summary judgment in favor of the appellant where the court failed to consider and rule on appellee's motion for continuance made pursuant to Civ.R. 56(F). In Hartwell, however, this court noted that, before a reviewing court can find error on the part of the trial court, we must first "examine the record in order to determine whether appellee presented sufficient reasons to justify a continuance." Id. at 38. Further, in Frazier v. Western Reserve Mutl. Cas. Co. (Mar. 31, 1988), Franklin App. No. 87AP-488, this court, in discussing the holding in Hartwell, made clear that "we did not adopt a per se rule of error relative to a trial court's disposition of Civ.R. 56(F) motions"; rather, "we indicated that any error must be predicated upon the whole record."
 {¶ 14} In Gates Mills Investment Co. v. Pepper Pike (1978),59 Ohio App.2d 155, 169, the court held that, in seeking a continuance under Civ.R. 56(F), the opposing party must set forth a factual basis as to why it cannot present facts "essential to its opposition to the motion" for summary judgment. At that point, the trial court has several alternatives: "It may refuse the application for summary judgment; it may order a continuance to permit affidavits to be obtained in opposition to the motion for summary judgment; it may grant a continuance for further discovery; or it may make such other order as is just." Id. However, "[t]hese are all within the trial court's discretion and are not mandatory." Id. See, also, Pollock v. Kanter (Feb. 25, 1993), Cuyahoga App. No. 61669 (the language of Civ.R. 56(F) "is clearly discretionary").
 {¶ 15} Although appellant contends the trial court erred in failing to consider his Civ.R. 56(F) motion, it has been recognized that "when a trial court fails to rule on a pretrial motion, it may ordinarily be presumed that the court overruled it." State ex rel. The V Cos. v. Marshall (1998), 81 Ohio St.3d 467, 469. Thus, in granting summary judgment in favor of plaintiff, the trial court "effectively denied [appellant's] motion for additional time to respond to the motion for summary judgment." Wombold v. Barna (Dec. 11, 1998), Montgomery App. No. 17035.
 {¶ 16} Further, upon review of the record, we are unable to conclude that the trial court abused its discretion as appellant has failed to show how the evidence sought would have precluded summary judgment. Appellant's motion for sanctions was predicated upon alleged errors in appellee's proposed decree that, according to appellant, did not comport with an in-court memorandum of agreement the parties signed prior to the final hearing.
 {¶ 17} The language of Civ.R. 11 requires that the offending conduct amount to a "willful violation" of the rule. Jackson v. Bellomy, Franklin App. No. 01AP-1397, 2002-Ohio-6495. In order to constitute a willful violation of Civ.R. 11, "a party must have `willfully signed a pleading which, to the best of his knowledge, information and belief, was not supported by good ground.' " Jones v. Records Deposition Serv. of Ohio, Inc., Lucas App. No. L-01-1333, 2002-Ohio-2269, at ¶ 9.
 {¶ 18} In appellee's motion for summary judgment, appellee submitted the affidavit of Mosbacher, in which she stated that she "inadvertently made an error in the amount of child support to be withheld on the Form 1" and that, "[h]ad Kim Halliburton-Cohen brought this to my attention I could have, and would have, immediately corrected it." Mosbacher further represented in her affidavit that "there was good ground to support any document" she had signed.
 {¶ 19} The record on summary judgment also included the deposition testimony of appellant's former counsel, Halliburton-Cohen. Specifically, counsel for Mosbacher cross-examined Halliburton-Cohen about the discrepancy in the withholding order, and the transcript contains the following colloquy:
 {¶ 20} "Q. And I recall you saying at court that Linda had not done anything willful; it was just gross negligence. Do you still agree with that statement?
 {¶ 21} "A. As to this paperwork, yes.
 {¶ 22} "Q. And as to any document that she submitted to the court, or in any way that she prepared any document?
 {¶ 23} "A. I absolutely agree it was just gross negligence. I do not believe for a second that — my impression of Linda is that she is a thoughtful and kind and truthful person, and I do not believe for a moment that in preparing any of these documents it was her intention to perpetrate a fraud. * * *" (Halliburton-Cohen Depo., at 3-4.)
 {¶ 24} Thus, appellant's counsel at the time of the proceedings at issue concurred with the averments made by Mosbacher in her affidavit that she did not engage in any willful conduct. The trial court noted this fact in its decision granting summary judgment in favor of appellee, and the court further held in pertinent part:
 {¶ 25} "The Court * * * remembers and is familiar with the scenario leading up to the Court's signing the Entry in question. This case involved the parties having to type up an Entry based on a Memorandum of Agreement the parties signed in Court the day before they briefly testified to finalize their divorce. As is sometimes the case, the Memo was not in complete final text form and was used as a reference to type up the full Decree(s). This Court carefully read the proposed Decree, reviewed the Memo of Agreement and was aware that Ms. Halliburton-Cohen took issue with Ms. Mosbacher's version of the Decree. The Court believed the Decree correctly reflected the Memo of Agreement and consequently signed the same."
 {¶ 26} Although appellant assumes the deposition testimony of Mosbacher would lead to evidence that could raise a material issue of fact for purposes of summary judgment, we find, under the circumstances of this case, that the trial court could have properly ruled on the motion for summary judgment in the absence of further discovery. Here, it was within the discretion of the trial court to determine whether the decree reflected the memorandum of agreement signed by the parties; further, given that the deposition testimony of appellant's former counsel, acknowledging the absence of willful conduct, was in accord with Mosbacher's sworn affidavit, we fail to see how the deposition testimony of Mosbacher concerning the alleged errors would have added meaningful evidence to the record not otherwise developed, or how such testimony would have affected the result. See Kupczyk v. Kuschnir, M.D. (July 27, 2000), Cuyahoga App. No. 76614, citing Ball v. Hilton Hotels (1972),32 Ohio App.2d 293, syllabus ("Where discovery proceedings would not, if allowed to proceed, aid in the establishment or negation of facts relating to the issue to be resolved, it is not an abuse of discretion for a court to grant a motion for summary judgment before such proceedings are completed"). Accordingly, the trial court did not abuse its discretion in failing to grant appellant's request for a continuance pursuant to Civ.R. 56(F).
 {¶ 27} Based upon the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is hereby affirmed.
Judgment affirmed.
PETREE, P.J., and KLATT, J., concur.