OPINION
{¶ 1} Defendant-appellant, Callie T. Evans, appeals from a judgment of the Franklin County Municipal Court granting summary judgment in favor of plaintiff-appellee, Asset Acceptance LLC. On May 19, 2003, appellee instituted this action for breach of contract seeking to recover from appellant slightly more than $11,500, which represents unpaid principal and interest due on a credit card account. The court scheduled a trial date of September 23, 2003. On July 24, 2003, following service of the complaint and summons by ordinary mail, appellant answered, generally denying all allegations contained in the complaint.
 {¶ 2} On September 17, 2003, appellee filed a motion for leave to file a motion for summary judgment and for a continuance of the trial date. Appellee submitted a proposed entry with its motion. On September 19, 2003, appellant filed a motion for continuance, citing her need to obtain legal counsel. Though she did not specify in the motion, it appears that appellant also sought to continue the trial date. On September 25, 2003, the trial court journalized the entry submitted by counsel for appellee. Therein, the court granted appellee's motion for continuance and also granted its motion for leave to file a motion for summary judgment. The entry specified a new trial date of December 18, 2003.
 {¶ 3} On October 3, 2003, appellee filed its motion for summary judgment with supporting evidence. On October 20, 2003, appellant filed a handwritten motion that stated as follows:
(Defendant) listed above has filed for a request for an extention (sic) for the Motion for Summary Judgment. Please allow time for information needed to be received by Defendant. This would be greatly appreciated.
 {¶ 4} On December 9, 2003, the court journalized an entry granting appellee's motion for summary judgment and entering judgment in appellee's favor in the amount of $9,399.01 plus accrued interest in the amount of $2,178.51 through May 5, 2003, plus interest thereafter at the statutory rate of 10% per annum. The entry states, in part:
The court notes that the Defendant, on September 19, 2003, requested a continuance to obtain legal counsel. Then on October 20, 2003, Defendant, representing herself, requested a continuance, in order to respond. More than 45 days have passed and Defendant has failed to obtain an attorney and has failed to respond, therefore the Motion for Summary Judgment is granted * * *.
 {¶ 5} Appellant timely appealed and presents one assignment of error for our review, as follows:
The trial court erred in not granting and responding to pro se appellant's motion for an extension of time to obtain information to respond to plaintiff's motion for summary judgment.
For the following reasons, we overrule this assignment of error and affirm the judgment of the trial court.
 {¶ 6} Appellant makes several arguments in support of her assignment of error. First, she argues that, as a pro se litigant, she is entitled to a measure of leniency. As such, she asserts, her request for an extension of time should have been construed as a motion for continuance pursuant to Civ.R. 56(F), and should have been granted despite the fact that it was technically not compliant with that rule's strict requirements. Second, she argues that the court should have responded to her motion by either granting or denying same prior to the court's entry of summary judgment in appellee's favor.
 {¶ 7} The granting or a denial of a motion for extension of time is within the broad discretion of the trial court. Heltonv. Ohio Adult Parole Auth. (Jun. 26, 2001), 10th Dist. No. 00AP-1108; Walter v. AlliedSignal, Inc. (1999),131 Ohio App.3d 253, 264, 722 N.E.2d 164; Gates Mills Investment Co. v.Pepper Pike (1978), 59 Ohio App.2d 155, 392 N.E.2d 1316. Thus, the trial court's decision to grant or deny a motion for continuance pursuant to Civ.R. 56(F) will not be disturbed on appeal unless the court abused its discretion. Carrier v.Weisheimer Cos., Inc. (Feb. 22, 1996), 10th Dist. No. 95APE04-488. An abuse of discretion implies an unreasonable, arbitrary or unconscionable attitude of the trial court. Ruwe v.Bd. of Springfield Twp. Trustees (1987), 29 Ohio St.3d 59, 61,505 N.E.2d 957.
 {¶ 8} We note initially that nowhere in appellant's stated assignment of error or in her brief does she argue that the trial court abused its discretion. She merely asserts several times that the court should have afforded her "considerable leniency." Though appellant cites authorities holding that courts should exercise leniency with respect to pro se litigants' pleadings
to assure that meritorious claims are not dismissed for inartful draftsmanship, she does not point to any authorities which require us to reverse a trial court's judgment because it "should have exercised leniency" in construing and ruling upon a pro se litigant's Civ.R. 56(F)-like motion for extension of time.
 {¶ 9} This court has previously held that, with respect to procedural rules, pro se litigants are to be held to the same standards as members of the bar. In Justice v. Lutheran SocialServs. (Apr. 8, 1993), 10th Dist. No. 92AP-1153, we held:
While one has the right to represent himself or herself and one may proceed into litigation as a pro se litigant, the pro se litigant is to be treated the same as one trained in the law as far as the requirement to follow procedural law and the adherence to court rules. If the courts treat pro se litigants differently, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel.
Id., 1993 Ohio App. LEXIS 2029, at *6. See, also, Jones v.Booker (1996), 114 Ohio App.3d 67, 70, 682 N.E.2d 1023.
 {¶ 10} Appellant has not identified, and we do not perceive, any abuse of discretion on the part of the trial court in notexplicitly treating appellant's motion as one for continuance pursuant to Civ.R. 56(F) and granting same.
 {¶ 11} The language of the trial court's entry seems to indicate that, although the court did not explicitly rule upon appellant's motion for extension of time, it in fact delayed ruling on appellee's motion for summary judgment for more than six weeks past the non-oral hearing date prescribed by Loc.R.3.04(3) of the Franklin County Municipal Court. When no memorandum in opposition to the motion for summary judgment had been received by December 9, 2003, the court proceeded to rule on the motion.
 {¶ 12} But appellant argues that the court should have responded in some manner to appellant's motion for extension of time well before the date it entered judgment. Again, she does not argue that the court abused its discretion, but only that the court should have responded to the motion out of an exercise of "considerable leniency." She directs our attention to the case ofHartwell v. Volunteers of America (1981), 2 Ohio App.3d 37,440 N.E.2d 609. In that case, this court held that, upon the submission of a properly made and properly supported motion for continuance pursuant to Civ.R. 56(F), which would have been granted had it been considered, the trial court must consider the motion before proceeding to enter summary judgment.
 {¶ 13} Hartwell is factually inapposite to the present case because it involved a Civ.R. 56(F) motion that strictly complied, in all respects, with the requirements of that rule. Furthermore, the Hartwell court viewed the motion in that case as meritorious; thus, it viewed the trial court's non-ruling (which, in essence, operates as a denial) as reversible error. In the present case, appellant's motion for extension of time fails to even approximate a properly supported Civ.R. 56(F) motion, making it impossible for this court to determine its merit.
 {¶ 14} "Mere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment. There must be a factual basis stated and reasons given why it cannot present facts essential to its opposition to the motion." Gates Mills Investment Co. v. Villageof Pepper Pike (1978), 59 Ohio App.2d 155, 169, 393 N.E.2d 1316. Accord Advanced Analytics Laboratories, Inc. v. Kegler, Brown,Hill Ritter, 148 Ohio App.3d 440, 2002-Ohio-3328,773 N.E.2d 1081, at ¶ 69. Notwithstanding the fact that she is a non-lawyer and did not use language customarily utilized by lawyers, appellant did not make even "mere allegations" as to why she needed additional time to obtain discovery, what information she hoped to obtain and how the same might aid appellant in opposing the motion for summary judgment. Thus, unlike the court inHartwell, we are unable to say that appellant's motion was meritorious and, therefore, that it should have been ruled upon prior to the trial court's entry of summary judgment.
 {¶ 15} Though the better practice here, as in all cases, is to explicitly rule upon motions seeking additional time to respond to motions for summary judgment, we do not find that the court's conduct here amounts to an abuse of discretion.
 {¶ 16} For all of the foregoing reasons, appellant's single assignment of error is overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
Lazarus, P.J., and Brown, J., concur.