[Cite as *Tillery Holdings, L.L.C. v. Judge Holdings, L.L.C.*, 2023-Ohio-870.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| TILLERY HOLDINGS, LLC | | C.A. No. 22CA011861 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JUDGE HOLDINGS, LLC | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 19-CV-197701 |

DECISION AND JOURNAL ENTRY

Dated: March 20, 2023

SUTTON, Presiding Judge.

**{¶1}** Defendant-Appellant, Judge Holdings, LLC ("Buyer"), appeals from the judgment of the Lorain County Court of Common Pleas, awarding summary judgment to Tillery Holdings, LLC ("Seller"). This Court reverses.

I.

**{¶2}** Seller and Buyer executed an agreement wherein Buyer agreed to purchase certain real property from Seller for $824,000. Buyer promised to transfer $25,000 in earnest money to an escrow agent within five days of both parties signing the agreement. The agreement specified time was of the essence and named a closing date of May 31, 2018, but also gave Buyer the option to extend the closing date. Specifically, Buyer could obtain a one-month extension of the closing date by transferring an additional $10,000 to the escrow agent and notifying Seller of the extension in writing. The agreement allowed Buyer to exercise the foregoing option twice in back-to-back months without incurring any penalty. If Buyer defaulted on the agreement in any manner, Seller

would be required to give Buyer written notice of the alleged default and Buyer would have thirty days to cure. The agreement provided that, if Buyer failed to cure the default in thirty days, the agreement would terminate and any funds in possession of the escrow agent would be transferred to Seller as liquidated damages.

{¶3} Buyer ultimately deposited $35,000 with Newman Title Agency, LTD ("Newman Title"), the escrow agent the parties selected. That sum represented the initial deposit of $25,000 in earnest money and an additional $10,000 deposit to secure a one-month extension of the closing date (i.e., until June 29, 2018). Thereafter, Buyer never deposited any additional funds with Newman Title, and the closing did not occur as scheduled.

{¶4} Seller issued Buyer a written notice of default on September 4, 2018, advising Buyer it had thirty days to cure its default. On the twenty-ninth day of that period, Buyer emailed Seller and Newman Title indicating it was "in a position to close on this transaction at the earliest possible date that is acceptable to [Newman Title] and [Seller], including but not limited to, tomorrow, October 4, 2018." Buyer asked Newman Title to provide the escrow number for the transaction and to prepare a closing statement for its review and approval.

{¶5} The following morning (i.e., the final day of the cure period), a representative from Newman Title emailed Buyer and Seller to provide them with contact information for the closing agent who had been selected to assist them. Within thirty minutes of that email being sent, Seller emailed the closing agent and wrote that the parties had been "out of contract since June 30, 2018," Buyer was "trying to pull a fast one[,]" and Seller had "no intention to close at this point." Seller did not copy Buyer on that email. Nor did Buyer receive the response the closing agent sent Seller fifteen minutes later, indicating Newman Title was awaiting instructions and asking Seller whether the agency should continue to hold the file open. Buyer only received an email from the closing

agent later that same morning, indicating Newman Title would schedule a closing "[o]nce there [was] a signed extension" of the parties' agreement. Buyer replied to that email, indicating it had a right to proceed with the closing under the current agreement, it had the ability to close immediately, and it was circulating all remaining closing documents for review and signature. Buyer once again asked Newman Title to provide the information Buyer had requested the previous day (i.e., the escrow number for the transaction and a closing statement for its review and approval), but Newman Title never did so. The closing agent emailed Buyer the following day, indicating the closing was "on hold as the contract expired June 30, 2018." The closing agent offered to schedule the closing once there was a contract extension and both parties were in agreement.

{¶6}   When Seller sought to obtain the funds held in escrow by Newman Title, Buyer refused to sanction the release of those funds. Seller then filed a complaint against Buyer, seeking a declaratory judgment that Seller was entitled to an immediate release of the escrow funds. Buyer answered the complaint and counterclaimed Seller for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory judgment in Buyer's favor. The trial court later dismissed Buyer's second counterclaim, finding a claim for breach of contract subsumed any claim for breach of the implied covenant of good faith and fair dealing.

{¶7}   A lengthy period of discovery ensued, complicated by the onset of the global pandemic. Each party repeatedly accused the other of refusing to engage in discovery, and a litany of motions to compel were filed. Relevant to this appeal, Buyer repeatedly failed in its efforts to depose Seller, Seller's managing member, or his wife, as their family temporarily relocated to another country to try to reduce their exposure to Covid-19. Buyer filed several motions to compel Seller and Seller's family to appear for deposition and be held in contempt for failing to do so.

Buyer's motions in that regard were still pending when Seller filed for summary judgment on its complaint against Buyer and Buyer's counterclaims against it.

{¶8} After Seller filed its motion for summary judgment, Buyer filed another motion to compel the depositions of Seller, its managing member, and his wife. Buyer also filed a Civ.R. 56(F) motion, requesting an extension of time to oppose Seller's motion for summary judgment given that Seller and Seller's family had not complied with its discovery requests and subpoenas for deposition. Buyer asked the trial court to extend its motion filing deadline until at least three weeks after the conclusion of discovery.

{¶9} The day after Buyer filed its Civ.R. 56(F) motion, the trial court conducted an in-person status conference and issued an order. The order provided, in relevant part:

> By agreement of the parties, counsel shall file stipulations of fact no later than February 11, 2022. Counsel shall [also] provide the Court with proposed resolutions to the pending discovery motions no later than February 11, 2022. [Buyer] is granted leave to file a Brief in Opposition to [Seller's] Motion for Summary Judgment and Cross-Motion for Summary Judgment no later than February 25, 2022. [Seller] is granted leave until March 4, 2022 to file any Brief in Opposition to [Buyer's] Cross-Motion for Summary Judgment. Court to rule thereafter.

The trial court's order did not expressly address Buyer's Civ.R. 56(F) motion.

{¶10} Subsequently, Buyer filed a brief in opposition to Seller's motion for summary judgment as well as its own motion for summary judgment. Seller responded in opposition to Buyer's motion for summary judgment, and both parties filed replies. Buyer included as one of its arguments that Seller should not be permitted to move for summary judgment given Seller's refusal to participate in discovery and be deposed. Buyer asked the trial court to either disregard Seller's summary judgment evidence or grant Buyer's Civ.R. 56(F) motion. The parties also filed stipulations with the court regarding their pending discovery motions. The parties agreed several

motions were still pending with the court, including Buyer's motions to compel Seller's family to appear for deposition and to hold them in contempt for not responding to their subpoenas.

**{¶11}** Upon review of the summary judgment filings, the trial court awarded summary judgment to Seller. The trial court ordered any escrow funds held by Newman Title to be released to Seller. Additionally, the court ordered Buyer to pay any escrow and title company charges pursuant to the parties' agreement.

**{¶12}** Buyer now appeals from the trial court's award of summary judgment in favor of Seller and raises two assignments of error for this Court's review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO [SELLER] WHILE (a) FAILING TO RULE ON [BUYER'S] DISCOVERY MOTIONS, (b) FAILING TO RULE ON [BUYER'S] CIV.R. 56(F) MOTION, AND (c) FAILING TO ALLOW [BUYER] TO FULLY CONDUCT DISCOVERY.

**{¶13}** In its first assignment of error, Buyer argues the trial court erred when it awarded summary judgment to Seller without ruling on its discovery motions, ruling on its Civ.R. 56(F) motion, and ensuring it was able to fully conduct discovery. For the following reasons, we sustain Buyer's assignment of error.

**{¶14}** A party who opposes summary judgment may move for relief under Civ.R. 56(F) if the party "cannot * * * present by affidavit facts essential to the party's opposition * * *." *Akron Firefighters Assn. IAFF Loc. 330, AFL-CIO v. Akron*, 9th Dist. Summit No. 27923, 2016-Ohio-7092, ¶ 10. The rule allows a party to ask the trial court to "refuse the application for judgment or [] order a continuance to permit * * * discovery to be had or [] make such other order as is just." Civ.R. 56(F). "A party seeking a Civ.R. 56(F) continuance has the burden of stating a factual basis

and reasons why the party cannot present sufficient documentary evidence without a continuance." *Thomas v. Bauschlinger*, 9th Dist. Summit No. 27240, 2015-Ohio-281, ¶ 10, quoting *McPherson v. Goodyear Tire & Rubber Co.*, 9th Dist. Summit No. 21499, 2003-Ohio-7190, ¶ 15. "The application of Civ.R. 56(F) is discretionary; therefore, a trial court's denial of such a motion shall not be reversed absent an abuse of discretion." *Wayne County Nat. Bank v. CFP Leasing Ltd. Partnership*, 9th Dist. Wayne No. 02CA0058, 2003-Ohio-2028, ¶ 8.

{¶15} The trial court found Buyer had until June 29, 2018, to close on the parties' agreement. The original closing date was extended by thirty days after Buyer deposited an additional $10,000 with Newman Title. When Buyer failed to complete the closing by June 29th, the trial court found, Buyer defaulted on the agreement. That default triggered Seller's responsibility to send written notice to Buyer, informing Buyer of the default and providing Buyer a thirty-day period to cure the default. The trial court found Seller sent written notice of default to Buyer on September 4, 2018, meaning Buyer had until October 4, 2018, to cure its default.

{¶16} The trial court found that, to cure its default, Buyer had to deposit the balance of the purchase price due under the parties' agreement with Newman Title. Because Buyer only expressed a willingness to proceed with closing and never actually deposited the funds it owed, the trial court found Buyer failed to cure its default. Consequently, the trial court entered summary judgment in favor of Seller.

{¶17} The trial court never expressly ruled on Buyer's Civ.R. 56(F) motion or pending discovery motions, so this Court presumes those motions were denied. *Weaver v. Ohio Farmers Ins. Co.*, 9th Dist. Medina No. 22CA0004-M, 2022-Ohio-2716, ¶ 34, quoting *Rhododendron Holdings, LLC v. Harris*, 2d Dist. Montgomery No. 28814, 2021-Ohio-147, ¶ 16 ("'When a trial court enters summary judgment without expressly determining a pending motion, the motion

impliedly is denied.'") The question is whether the trial court abused its discretion when it denied those motions. *See Wayne County Nat. Bank*, 2003-Ohio-2028, at ¶ 8. In general, a trial court "improperly grants a motion for summary judgment when it fails to consider and rule upon [a] non-moving party's Civ.R. 56(F) motion." *Gumpl v. Wilkinson*, 9th Dist. Lorain No. 92CA005407, 1993 WL 107857, *1 (Apr. 14, 1993). The trial court's error is reversible if the non-moving party set forth "'sufficient reasons' to justify a continuance." *Id.*, quoting *Hartwell v. Volunteers of America*, 2 Ohio App.3d 37, 38 (10th Dist.1981).

{¶18} In moving for summary judgment, Seller primarily relied upon the affidavit of its managing member. That affidavit consisted of seventy-seven separate paragraphs and incorporated by reference many individual attachments. In Buyer's Civ.R. 56(F) motion and its summary judgment filings, Buyer sought a continuance because it had been unable to depose Seller, its managing member, or his wife. Buyer argued it was manifestly unfair for Seller to assert facts in its managing member's affidavit that Buyer was unable to challenge by way of deposition because the managing member had refused to be deposed. It was Buyer's position that Seller, through its managing member, had prevented it from curing its default. Buyer pointed to emails the parties exchanged with the closing agent. Buyer noted that, after it asked the closing agent to send information Buyer needed to proceed with closing, Seller independently emailed the closing agent to write that the parties had been "out of contract since June 30, 2018," Buyer was "trying to pull a fast one[,]" and Seller had "no intention to close at this point." Buyer further noted that the closing agent chose to respond to Seller's email and ask for instructions. Buyer argued any "discussion or correspondence [that may have taken] place between the [closing] agent and [the managing member or his wife] after that [was] unknown, as they refused to be deposed." It was Buyer's position that the closing agent, at Seller's instruction, refused to prepare the closing

statement Buyer needed. Buyer argued that, without that statement, Buyer did not know the exact amount it had to deposit to proceed with closing.

{¶19} Having reviewed the record, we must conclude Buyer demonstrated sufficient reason to justify a continuance under Civ.R. 56(F). *See Gumpl* at *1, quoting *Hartwell* at 28. Buyer repeatedly filed motions to compel Seller, Seller's managing member, and his wife to appear for deposition and to hold those individuals in contempt for not responding to its subpoenas. Buyer also sought relief pursuant to Civ.R. 56(F), but the trial court never expressly ruled on any of Buyer's motions. *See Gumpl* at *1 (awarding summary judgment without ruling on a pending Civ.R. 56(F) motion is generally improper). Undoubtedly, the global pandemic complicated the discovery process in this matter, particularly because Seller's managing member, his wife, and their children relocated to another country. The record reflects the parties could not agree whether Seller's family was obligated to appear for their depositions in person or whether they could be deposed remotely by electronic means. The trial court never ruled on that issue. Instead, it allowed the case to proceed to summary judgment without addressing Buyer's argument that Buyer had been denied the opportunity to question Seller and Seller's family.

{¶20} Given that Buyer was specifically alleging misconduct on the part of Seller in defending against Seller's complaint and in bringing its own counterclaim for breach of contract, we cannot say Buyer's inability to cross-examine Seller via Seller's managing member amounted to harmless error. *Compare State ex rel. Sawyer v. Cuyahoga Cty. Dept. of Children and Family Servs.*, 110 Ohio St.3d 343, 2006-Ohio-4574, ¶ 10; *Linnen Co., L.P.A. v. Roubic*, 9th Dist. Summit No. 26494, 2013-Ohio-1022, ¶ 30. Seller relied almost exclusively on its managing member's affidavit in seeking an award of summary judgment. To be able to produce rebuttal evidence, Buyer must have been afforded an opportunity to discover that evidence. *See Tucker v. Webb*

*Corp.*, 4 Ohio St.3d 121, 123 (1983); *Hattie v. Sherman*, 9th Dist. Lorain No. 97CA006809, 1998 WL 318464, *4-6 (June 17, 1998). The record does not support the trial court's decision to award Seller summary judgment without addressing Buyer's motions and continuing the matter pursuant to Civ.R. 56(F). Accordingly, Buyer's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN GRANTING [SELLER'S] MOTION FOR SUMMARY JUDGMENT AND IN DENYING [BUYER'S] CROSS-MOTION FOR SUMMARY JUDGMENT.

{¶21} In its second assignment of error, Buyer argues the trial court erred when it granted Seller's motion for summary judgment and denied Buyer's motion for summary judgment. Considering our resolution of Buyer's first assignment of error, we must conclude Buyer's second assignment of error is moot. As such, we decline to address it. *See* App.R. 12(A)(1)(c).

III.

{¶22} Buyer's first assignment of error is sustained, and its second assignment of error is moot. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETTY SUTTON
FOR THE COURT

HENSAL, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

STEPHEN D. DODD, Attorney at Law, for Appellant.

HOWARD T. LANE, Attorney at Law, for Appellee.